UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Jasmine Anderson,
    Plaintiff,

v.

Equifax Information Services, LLC and
Fifth Third Bank, N.A.,
    Defendants.

Case No.:

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, JASMINE ANDERSON, by and through her counsel, and for her Complaint pleads as follows:

### JURISDICTION

1.  This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681, *et seq*. [hereinafter "FCRA"]).

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1681p.

### VENUE

3.  The transactions and occurrences which give rise to this action occurred in Lawrenceville, Georgia.

4.  Venue is proper in the Northern District of Georgia.

### PARTIES

5.  Plaintiff is a natural person residing in Lawrenceville, Georgia.

6.    The Defendants to this lawsuit are:

a.    Equifax Information Services, LLC ("Equifax") is a domestic limited liability company that conducts business in the State of Georgia; and

b.    Fifth Third Bank, N.A. ("Fifth Third") is a national association that conducts business in the State of Georgia.

## GENERAL ALLEGATIONS

7.    Fifth Third's tradeline ("Errant Tradeline") is inaccurately reporting a scheduled monthly payment amount in Plaintiff's Equifax credit file.

8.    The account reflected by the Errant Tradeline was closed by Fifth Third and Plaintiff no longer has any scheduled monthly payment obligations to Fifth Third.

9.    The Errant Tradeline should be reported with a scheduled monthly payment amount of $0.00.  The current reporting is false and misleading.

10.    In addition, per the credit reporting industry standards and the Credit Reporting Resource Guide, which is the credit reporting manual created by the Consumer Data Industry Association, furnishers are required to report a scheduled monthly payment amount of $0.00 for a closed account.

11.    On or about September 20, 2024, Plaintiff obtained her Equifax credit disclosure and noticed the Errant Tradeline reporting with an erroneous scheduled monthly payment amount.

12.    On or about September 23, 2024, Plaintiff sent a letter to Equifax disputing the Errant Tradeline.

13.    In her dispute letter, Plaintiff explained that the Fifth Third account is closed and that Plaintiff owes no scheduled monthly payment amount to Fifth Third. Plaintiff asked for the scheduled monthly payment amount to be removed and replaced with $0.00.

14.    Equifax received Plaintiff's dispute letter.

15.    Equifax forwarded Plaintiff's dispute to Fifth Third.

16.    Fifth Third received Plaintiff's dispute from Equifax.

17.    On or about October 12, 2024, Equifax sent its dispute results to Plaintiff, which showed that Equifax and Fifth Third failed or refused to report the Errant Tradeline with a scheduled monthly payment amount of $0.00.

18.    The Errant Tradeline is false and misleading to any user of Plaintiff's credit report who would consider extending credit to Plaintiff.  The Errant Tradeline creates a false impression to potential credit grantors that Plaintiff continues to have a scheduled monthly payment obligation for a debt when there is no such monthly obligation.

19.    As a direct and proximate cause of Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages.  Plaintiff has experienced undue

anxiety, stress, frustration and other forms of emotional distress due to Defendants' failures to correct the errors in her credit file and her inability to improve her financial situation by obtaining new or more favorable credit terms as a result of Defendants' violations of the FCRA.  Plaintiff has also suffered physical harms, including loss of sleep and stress headaches as a result of Defendants' failure to correct the Errant Tradeline.

## COUNT I - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIFTH THIRD

20.    Plaintiff realleges Paragraphs One through Nineteen as if recited verbatim.

21.    After being informed by Equifax of Plaintiff's dispute of the inaccurate scheduled monthly payment amount, Fifth Third negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

22.    Fifth Third negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b) and failed to direct Equifax to remove the inaccurate scheduled monthly payment amount.

23.    The Errant Tradeline is inaccurate and creates a misleading impression in Plaintiff's consumer credit file with Equifax, to which it is reporting such tradeline.

24.    As a direct and proximate cause of Fifth Third's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, anxiety, frustration and other forms of emotional distress.  Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

25.    Fifth Third is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

26.    Plaintiff has a private right of action to assert claims against Fifth Third arising under 15 U.S.C. § 1681s-2(b).

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grants her a judgment against Fifth Third for damages, costs, interest, and attorneys' fees.

## COUNT II - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIFTH THIRD

27.     Plaintiff re-alleges the above Paragraphs One through Nineteen by reference as if recited verbatim.

28.    After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Fifth Third willfully failed to conduct a proper reinvestigation of Plaintiff's dispute and willfully failed to direct Equifax to remove the erroneous scheduled monthly payment amount.

29.     Fifth Third willfully failed to review all relevant information available to it and provided by Equifax as required by 15 U.S.C. § 1681s-2(b).

30.     As a direct and proximate cause of Fifth Third's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, anxiety, frustration and other forms of emotional distress.  Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

31.     Fifth Third is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 U.S.C. § 1681n.

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grants her a judgment against Fifth Third for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

32.     Plaintiff re-alleges the above Paragraphs One through Nineteen by reference as if recited verbatim.

33.    Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

34.    Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

35.    Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

36.    After receiving Plaintiff's dispute of the Errant Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

37.    As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, anxiety, frustration and other forms of emotional distress.  Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

38.    Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grant her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

39.    Plaintiff realleges the above Paragraphs One through Nineteen as if recited verbatim.

40.    Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

41.    Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

42.    Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

43.    After receiving Plaintiff's dispute of the Errant Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

44.    As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, anxiety, frustration and other forms of emotional distress.  Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

45.    Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grant her a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Dated: March 3, 2025          /s/ Renee Taylor
                             Renee Taylor
                             Georgia Bar No. 195455
                             Attorney for Plaintiff
                             Metro City Injury Attorney
                             2330 Scenic Hwy., Suite 1001
                             Snellville, GA 30078
                             Phone: (484) 438-7243
                             Email: renee@metrocitylawyers.com